### CONSOLIDATED AMERICAN FASTENER COS. v. REGAL BUTTON WORKS, Inc.

(District Court, S. D. New York. June 26, 1924.)

**Patents ⊕328—1,326,132, for machine for making snap fasteners, held valid and infringed.**

The Kiessling patent, No. 1,326,132, for a machine for making snap fasteners, *held* not anticipated, valid, and infringed by the machine of the Cannon patent, No. 1,436,478.

In Equity. Suit by the Consolidated American Fastener Companies against the Regal Button Works, Incorporated. Decree for complainant.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds and L. B. Young, both of New York City, of counsel), for plaintiff.

James H. Griffin, of New York City (E. Hayward Fairbanks, of Philadelphia, Pa., of counsel), for defendant.

WINSLOW, District Judge. This is an action in equity, wherein it is sought to restrain the alleged infringement of Kiessling patent, No. 1,326,132, dated December 23, 1919, for machine for making snap

fasteners. The defendant corporation is operating under the Cannon patent, No. 1,436,478.

The plaintiff does not contend that he is the inventor of the first automatic snap fastener machine, but he does claim that he has made a better labor-saving machine to run at higher speed than any other, is reliable in its operation, and has elements not found in any prior patent. In substance, he contends that there are three things which make his machine a better machine: (1) The particular style of spring-forming mechanism; (2) a spring-conveying mechanism; and (3) an assembling mechanism. All of these things are described in the Kiessling patent, and are broadly and specifically claimed therein. All of these three things are used in the defendant's machine, which was produced before the court.

The defendant contends that the Kiessling patent is invalid, because it claims things that were shown in prior patents. It would seem to the court that the only ones of the prior patents in this connection which merit careful consideration are the patents known as the Prym patents (United States, No. 916,593, and the Austrian patent, No. 58,202).

In the Prym patent there is a spring-forming mechanism, which would seem to be quite different from that feature of the Kiessling patent, although the patent does not make the method of operation quite clear. But as to the spring-conveying device of the Prym patent we find this element quite different from the Kiessling patent. The two-part holder of the form is moved over by a cam, and then the two parts are separated and the spring is allowed to drop by gravity onto a peg, where it remains until a plunger comes down and pushes it off the peg and into the cup. This is hardly a spring-conveying mechanism, and is quite different from both the plaintiff's and defendant's method.

In the spring-assembling mechanism, the principal element in plaintiff's patent is the plunger, having a wedge-shaped lower end to spread the legs of the spring and a socket at the apex of this wedge to receive the stud of the cup. The defendant in this connection calls attention to the Prym patent, particularly Fig. 10 (United States patent No. 916,-593). In these Prym prior patents, to which attention is directed, the plunger with a wedge-shaped end is absent, and in its place there is provided, in order to effect the spreading of the legs of the springs, a tapered peg marked *23* in Prym United States patent, No. 516,923, *1* in German patent, No. 220,123, and the wedge marked *b* in Prym patent, No. 27,830.

The defendant contends that his machine is made under a patent duly granted, and that some presumption is justified from the mere grant of his patent. Assuming that his argument is sound, the presumption of noninfringement, in order to be justified, would make it necessary for the defendant to point to material differences between his machine and the one manufactured under plaintiff's patent; but, in the instant case, a study of the two machines manufactured under the patents in question leads to the conclusion that there is no material difference between the two machines. The only apparent difference to which the court's attention has been directed is the difference between the moving of the cups from station to station over a curved path by

means of a dial, and moving them in a straight line by means of a cup carrier. Both of these mechanical expedients, it would appear, are old and well known, both of them having been used in the Prym patents referred to, one in the United States patent and the other in the Austrian patent.

The plaintiff in the instant case has made provision for a dial, but another machine made by Kiessling's assistant for another concern, embodying Kiessling's invention, embraced the straight-line movement, and it is of record that this other concern, in building this other machine, did so under a license under the Kiessling patent. There is some evidence in the instant case that a mechanic employed by the defendant copied his device from this licensee of the plaintiff, using the straight-line movement of the cups. The almost exact similarity between the defendant's machine and the plaintiff's is such that it makes it difficult to distinguish one from the other.

I am of the opinion that Kiessling's effort resulted in a machine which would run at high speed and which would produce perfect fasteners, as against the slow and uncertain operation of the foreign types of the machine. The translation of the Austrian patent, No. 58,611, wherein it is contended that machines were made up to December, 1912, says it had "not been posible to secure a sufficiently reliable and accurate operation, so that as a rule only about 50 per cent. of the snap fasteners produced are useful."

The very features of Kiessling's machine, which distinguish it from and constitute an improvement over the Prym machine, are found in defendant's machine. The defendant's machine approximates Kiessling's, both as to method and speed and efficiency, but these results are secured by the use of the specific features brought into the art by Kiessling.

I am of the opinion that the defendant's machine is an infringement of the plaintiff's patent. A decree for the plaintiff will issue in the usual form.